**Electronically Filed
Intermediate Court of Appeals
30526
14-OCT-2011
07:56 AM**

NO. 30526

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF IO

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 08-11739)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Fujise and Leonard, JJ.)

Father-Appellant (Father) and Mother-Appellant (Mother) (collectively, Parents) separately appeal from the Order Awarding Permanent Custody (Order) entered on May 11, 2010 in the Family Court of the First Circuit (family court).[1]  In the Order, the family court found, among other things, that Parents were not willing or able to provide their child, IO, with a safe family home, even with the assistance of a service plan, and would not become willing or able to do so within a reasonable period of time.  The court granted the Department of Human Services' (DHS's) Motion for Order Awarding Permanent Custody and Establishing a Permanent Plan (Motion for Permanent Custody), divested Parents' rights to IO, appointed DHS permanent custodian of IO, and ordered DHS's proposed permanent plan dated September 14, 2009 (Permanent Plan).

On appeal, Father argues that the family court erred in finding that he was not presently willing and able and it was not

---

[1]     The Honorable Christine E. Kuriyama issued the order.

reasonably foreseeable that within a reasonable period of time he would become willing and able to provide IO with a safe family home, even with the assistance of a service plan. He maintains that (1) his completion of parenting and domestic violence classes and residential treatment, and his continued participation in outpatient services and therapy demonstrate that he is willing to provide a safe family home for IO; (2) the court prematurely permanently divested him of his parental rights because, as his completion and continuation of services shows, he is committed to overcoming his past; (3) the court erroneously relied in its Findings of Fact and Conclusions of Law (FOF/COL) on a November 27, 2009 DHS Safe Family Home Report ("the 11/27/09 Report" or "the report") (a) and failed to take into consideration improvements he made from the time of the report to the time of trial, and (b) where information in the report is erroneous and/or incomplete; (4) Father was not told by DHS what kind of distance he was to keep from Mother, even though it apparently was a major concern of DHS. Related to these arguments is Father's contention that in the court's FOF/COL, Findings of Fact (FOFs) 44, 50, 53, 57, 76, 92-98, 101-105, 110, and 116-17 are clearly erroneous and Conclusions of Law (COLs) 8-10 are wrong.

Father asks that we vacate the Order and Permanent Plan and remand the case to family court for an order that he be provided additional time to demonstrate that he can care for IO with minimal intervention and that DHS work with him toward reunification.

Mother argues that the family court abused its discretion by awarding DHS permanent custody of IO, when DHS failed to prove by clear and convincing evidence that she was unwilling and unable to provide IO with a safe family home and would not become able to do so in the foreseeable future, even with the assistance of a service plan. Mother maintains that (1) DHS failed to proffer substantial evidence showing that she had not engaged in services; (2) DHS failed to provide her with

additional services for her co-dependency issue; (3) DHS's decision to allow her to maintain custody of her newborn child, JO, supports her contention that she is able and willing to provide a safe and appropriate home for IO; and (4) DHS's decision to file a motion for permanent custody was arbitrary and capricious. Related to her contentions is her argument that FOFs 40, 77, 82, 85, and 87 and COLs 8-10 and 12 are erroneous. She asks that we reverse the Order.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows:

(1) There was substantial evidence supporting the Order Awarding Permanent Custody, and FOFs are 96-98 are not clearly erroneous and COLs 8-10 are not wrong.

(a) The family court did not erroneously rely on DHS's November 27, 2009 Safe Family Home Report, which was neither erroneous nor incomplete. The report states that Father was expected to complete his parenting and outreach programs by early 2010, which he did.

(b) FOFs 50 and 93 are not clearly erroneous because there is substantial evidence to support them.

(c) Father provides no evidence for the notion that the family court was required to specifically find that further delaying termination of his parental rights would have a detrimental effect on IO, and we find none.

(d) FOF 94 is not clearly erroneous. It reflects a credibility determination on the part of the family court, which determination we decline to review. In re Doe Children, 108 Hawai'i 134, 141, 117 P.3d 866, 873 (App. 2005).

(e) The family court did not prematurely divest Father of his parental rights to IO, and FOF 95 is not clearly erroneous. DHS gave Father a sufficient amount of time to show that he could provide a safe family home for IO. Hawaii Revised Statutes (HRS) §§ 587-72(a), (d), and (e) (2006); see In re Doe, 89 Hawai'i 477, 492, 974 P.2d 1067, 1082 (App. 1999).

3

(f) FOFs 101-02, 104-05, 110, and 117 are not clearly erroneous. Father's failure to complete his services was not due to any failure on the part of DHS, which made reasonable efforts to reunify him with IO. Further, Father never claimed prior to trial that DHS was not making appropriate referrals in a timely manner.

(g) Father claims that FOFs 44, 53, 57, 76, 92, 103, and 116 are clearly erroneous, but provides no discernible argument with regard to those FOFs. We deem his challenge to these findings waived. See Kaho'ohanohano v. Dep't of Human Servs, State of Hawaii, 117 Hawai'i 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008); Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

(1) FOFs 40, 77, 82, 85, and 87 are not clearly erroneous, and COLs 8-10 and 12 are not wrong.

(a) The family court's finding that although Mother completed services, her co-dependency on Father compromised her ability to provide a safe family home for IO was supported by case law, statutory law, and substantial evidence in the record. See In re Doe, 95 Hawai'i 183, 193-94, 20 P.3d 616, 626-27 (2001); HRS § 587-25(a) (Supp. 2006).

(b) The family court apparently accepted DHS social worker Kwock's testimony at trial that DHS provided Mother sufficient services to address her co-dependency issue, and we decline to review that credibility determination. In re Doe Children, 108 Hawai'i at 141, 117 P.3d at 873. Further, Mother never claimed prior to trial that DHS failed to make appropriate referrals in a timely manner.

(c) There was sufficient evidence to support the family court's finding that Mother was unable to provide a safe

4

home for IO and would not be able to do so within a reasonable period of time, even if after Father was released from prison on July 10, 2009 there were no reports to DHS regarding IO or his siblings' well-being and despite the fact that Father had supervised visitation with Mother and JO.

(d) Mother provides no authority for the notion that because DHS initially allowed her to maintain custody of JO, DHS was prohibited from terminating her parental rights to IO, and we find none.

Therefore,

IT IS HEREBY ORDERED that the Order Awarding Permanent Custody entered on May 11, 2010 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 14, 2011.

On the briefs:

Wilfred S. Tangonan,
for Mother-Appellant.

Patricia A. Brady,
for Father-Appellant.

Korrine S.S. Oki and
Mary Anne Magnier,
Deputy Attorneys General,
for Petitioner-Appellee.

Chief Judge

Associate Judge

Associate Judge

5